IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NDEYE ALBOURY SECK d/b/a GOOD    §
MOTHER'S HAIRBRAIDING & BEAUTY   §
SUPPLY,                          §
                                 §
        Plaintiff,               §
                                 §
v.                               §       CIVIL ACTION NO. H-13-1534
                                 §
ATLANTIC CASUALTY INSURANCE      §
COMPANY,                         §
                                 §
        Defendant.               §

<u>MEMORANDUM AND ORDER</u>

Pending is Defendant Atlantic Casualty Insurance Company's Motion for Summary Judgment (Document No. 11). After considering the motion, response, reply, and applicable law, the Court concludes as follows.

I.   <u>Background</u>

Plaintiff Ndeye Alboury Seck d/b/a Good Mother's Hairbraiding & Beauty Supply ("Plaintiff") is the owner of a hair-braiding and beauty products shop located at 2002 Fry Road, Suite 123, Houston, Texas 77084.[1]  Plaintiff's business was covered by an insurance

---

[1] Document No. 1, ex. 4 at 2-3 (Orig. Pet.).

policy ("the Policy") issued by Defendant Atlantic Casualty Insurance Company ("Defendant"),[2] a surplus lines insurer.[3]

During the night of August 29-30, 2012, Plaintiff's shop was burglarized.[4] On August 30, Plaintiff submitted a claim to Defendant, alleging damage to the rear door where the break-in occurred, damage to a cash register, and loss of assorted hair pieces.[5] Defendant issued a "Partial Declination of Coverage" on September 14, 2012, denying payment for the hair pieces on the grounds that theft is not a covered cause of loss under the policy.[6]

Plaintiff now brings suit challenging Defendant's refusal to cover the loss of the hair pieces. Plaintiff claims that Defendant acted in bad faith, engaged in unfair acts or practices in violation of the Texas Insurance Code,[7] failed to pay her claim

---

[2] Id.

[3] Document No. 11 at 12; Document No. 20, ex. 2 at App. 002.

[4] Document No. 1, ex. 4 at 3.

[5] Id.; Document No. 20, ex. 3 at App. 003.

[6] Document No. 20, ex. 3 at App. 005. Defendant acknowledged that there was "coverage for damage to business personal property caused by vandals during the theft," but stated that the replacement cost for such damage was below the $1,000 policy deductible. Id. Plaintiff does not dispute this assertion.

[7] In her Original Petition, Plaintiff alleges Defendant violated Article 21.21 of the Texas Insurance Code, which

2

promptly in violation of the Texas Insurance Code,[8] breached her contract, committed fraud, and violated the Deceptive Trade Practices Act.[9] Defendant moves for summary judgment, arguing that it properly denied Plaintiff's claim.[10]

## II.   Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).   Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).   A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated

---

prohibited unfair methods of competition and unfair or deceptive acts or practices.   Document No. 1, ex. 4 at 4.   However, Article 21.21 was repealed in 2005, and its provisions were re-codified as Chapter 541.   See TEX. INS. CODE § 541.001 et. seq.   Plaintiff cites to Chapter 541 in her Response.   Document No. 20 at 20-21. Accordingly, the Court evaluates Plaintiff's unfair settlement practices claim under Chapter 541.

[8] Plaintiff cites to Article 21.55, which was repealed in 2005.   See TEX. INS. CODE § 542 et seq.   The Prompt Payment of Claims Act is now located in Chapter 542.   Accordingly, the Court evaluates Plaintiff's prompt payment claim under Chapter 542.

[9] Document No. 1, ex. 4.

[10] Document No. 11.

3

assertions that a fact issue exists will not suffice.  Id.  "[T]he
nonmoving party must set forth specific facts showing the existence
of a 'genuine' issue concerning every essential component of its
case."  Id.  "A party asserting that a fact cannot be or is
genuinely disputed must support the assertion by: (A) citing to
particular parts of materials in the record . . .; or (B) showing
that the materials cited do not establish the absence or presence
of a genuine dispute, or that an adverse party cannot produce
admissible evidence to support the fact."  FED. R. CIV. P. 56(c)(1).
"The court need consider only the cited materials, but it may
consider other materials in the record."  Id. 56(c)(3).

In considering a motion for summary judgment, the district
court must view the evidence "through the prism of the substantive
evidentiary burden."  Anderson v. Liberty Lobby, Inc., 106 S. Ct.
2505, 2513 (1986).  All justifiable inferences to be drawn from the
underlying facts must be viewed in the light most favorable to the
nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio
Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in
this light, could not lead a rational trier of fact to find" for
the nonmovant, then summary judgment is proper.  Kelley v. Price-
Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993).  On the other
hand, if "the factfinder could reasonably find in [the nonmovant's]
favor, then summary judgment is improper."  Id.  Even if the
standards of Rule 56 are met, a court has discretion to deny a

motion for summary judgment if it believes that "the better course would be to proceed to a full trial."   <u>Anderson</u>, 106 S. Ct. at 2513.

### III.   <u>Analysis</u>

### A.   <u>Breach of Contract</u>

Plaintiff alleges that Defendant breached the Policy by refusing to provide coverage for the theft loss of the hair pieces. The Policy provides that Defendant "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."[11]   The Covered Causes of Loss are:

```
1.   Fire.
2.   Lightning.
3.   Explosion . . .
4.   Windstorm or Hail . . .
5.   Smoke . . .
6.   Aircraft or Vehicles . . .
7.   Riot or Civil Commotion . . .
8.   Vandalism . . .
9.   Sprinkler Leakage . . .
10.  Sinkhole Collapse . . .
11.  Volcanic Action . . .[12]
```

---

[11] Document No. 20, ex. 4 at App. 006.

[12] <u>Id.</u>, ex. 5 at App. 020-021.   Plaintiff objects to the documents exhibited by Defendant in support of its Motion for Summary Judgment, which include the declaration of Defendant's attorney Camille Johnson, Plaintiff's Original Petition, Atlantic Casualty Policy 2/14/2012-2/14/2013, and the Partial Declination of Coverage.   <u>See</u> Document No. 20 at 9-13.   Plaintiff herself exhibits the Partial Declination of Coverage and the relevant portions of the Policy in her Response, and the Court relies exclusively on

Neither burglary nor theft is listed among the Covered Causes of Loss.  Moreover, the Policy specifically disclaims coverage for theft: "We will not pay for loss or damage caused by or resulting from theft, except for building damage caused by the breaking in or exiting of burglars."[13]

As observed above, Plaintiff alleges that her premises were broken into at night through a back door.  The Texas Penal Code provides in relevant part that a person commits burglary when he, without the effective consent of the owner, "enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault." TEX. PEN. CODE ANN. § 30.02(a).  The Code defines theft as "unlawfully appropriat[ing] property with intent to deprive the owner of property."  Id. § 31.03.  Plaintiff's hair pieces were taken in a theft that occurred during the course of a burglary. The Policy unambiguously disclaims coverage for this type of loss.[14]

---

Plaintiff's exhibits in analyzing the Motion for Summary Judgment. Accordingly, Plaintiff's objections are moot.

[13] Id., ex. 5 at App. 020.

[14] In her Original Petition, "Plaintiff asserts that her loss was due to burglary, distinguishable from theft."  Document No. 1, ex. 4 at 3.  The Texas Penal Code does not support that distinction.  Burglary may be committed without theft, and vice versa.  Here, there was both burglary and theft.  In any event, neither burglary nor theft is among the Covered Causes of Loss under the Policy.

6

Plaintiff argues that she is entitled to recover on her claim for the loss of the hair pieces because "the loss occurred due to 1) burglary[,] 2) vandalism, 3) theft, in that sequence and that the policy covers the premises because vandalism, which occurred in the sequence of events before theft is a covered loss."[15]   The Policy defines vandalism as "willful and malicious damage to, or destruction of, the described property."[16]  Plaintiff, however, does not allege that the hair pieces were damaged by vandalism, but instead alleges that they were stolen, and she seeks recovery for the theft *loss* of those hair pieces.   Plaintiff has not raised a genuine issue of material fact on her claim that the Policy covers Plaintiff's losses, and Plaintiff's breach of contract claim is therefore dismissed.

B.   Prompt Payment of Claims

Plaintiff argues that Defendant violated the Prompt Payment of Claims Act by failing to investigate the "removed hair pieces, their cost, or their make up."[17]   As a surplus lines insurer, Defendant had thirty days after receiving Plaintiff's claim to acknowledge receipt of the claim, commence its investigation, and request information from Plaintiff.   TEX. INS. CODE § 542.055(a)

---

[15] Document No. 20 at 3.

[16] Id., ex. 5 at App. 020.

[17] Document No. 20 at 23.

7

(formerly Art. 21.55).  It is undisputed that Defendant received notice of the claim on August 30, 2012, and responded in writing on September 14, 2012.  Given that Defendant properly determined that the theft of the hair pieces was not covered under the Policy, Defendant had no obligation to investigate their value or their loss, and as a matter of law Defendant is entitled to dismissal of Plaintiff's prompt payment claim.

C.   Unfair Claims Settlement Practices

Plaintiff argues that the "failure to promptly investigate the personal property loss and then denying coverage for such loss are unfair claim practices" by Defendant, but points to no evidence in support of this contention.[18]   Moreover, as determined above, Defendant properly investigated and denied Plaintiff's claim.  No genuine issue of material fact has been raised on Plaintiff's claim

---

[18] See id. at 20-21.  Plaintiff argues that Defendant failed to expressly reserve its rights under the Policy in violation of Texas Insurance Code Section 541.060(a)(4), under which "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to . . . fail[] within a reasonable time to (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder."  See Document No. 20 at 21.  Defendant issued its Partial Declination of Coverage on September 14, 2012, approximately two weeks after Plaintiff notified Defendant of her claim.  See id., ex. 3 at App.003.  Plaintiff makes no credible argument that this response was not made within a reasonable time so as to render Defendant liable under Section 541.060.  Plaintiff also alleges that Defendant violated Section 541.060(a)(1), which forbids "misrepresenting to a claimant a material fact or policy provision relating to [the] coverage at issue," but points to no evidence of any such misrepresentation.  See Document No. 20 at 21.

that Defendant committed unfair settlement practices, and this claim is dismissed.

D.    Bad Faith and DTPA Violations

Plaintiff's common law bad faith claim is negated by the Court's determination that the Policy did not cover the loss of the hair pieces.  *See* Progressive Cnty. Mut. Ins. Co. v. Boyd, 177 S.W.3d 919, 922 (Tex. 2005).  Because the common law bad faith standard is identical to the statutory standard, Plaintiff's claims under the DTPA also have no merit.  *See* id.

E.    Fraud

Plaintiff alleges that the Policy was fraudulent because the Covered Causes of Loss "minimally apply to the type of business owned by Plaintiff."[19]  However, Plaintiff points to no evidence demonstrating that Defendant made any *false* representations about the Covered Causes of Loss, so as to render Defendant liable for fraud.  *See* Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp., 646 F.3d 321, 325 (5th Cir. 2011) (the basic elements of fraud under Texas law include, *inter alia*, a false material misrepresentation).  Plaintiff further argues that "genuine issues of material fact exists [sic] as to whether or not the Defendant

--------

[19] Document No. 20 at 26-28.

9

disclosed" that Defendant was a surplus lines insurer,[20] but points to no evidence demonstrating such a fact issue.  To the contrary, Plaintiff exhibits Defendant's Common Policy Declarations form that specifically discloses the following: "This insurance contract is with an insurer not licensed to transact insurance in this state and is issued and delivered as a surplus line coverage under the Texas insurance statutes."[21]  Plaintiff's fraud claim is dismissed.

IV.  Order

For the foregoing reasons, it is

ORDERED that Defendant Atlantic Casualty Insurance Company's Motion for Summary Judgment (Document No. 11) is GRANTED, and Plaintiff Ndeye Alboury Seck d/b/a Good Mother's Hairbraiding & Beauty Supply's claims are DISMISSED WITH PREJUDICE.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 31st day of October, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[20] Id. at 28.

[21] Id., ex. 2 at App.002.